2014 UT App 89

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ernest ROGERS, Defendant and Appellant.**

No. 20110773–CA.

Court of Appeals of Utah.

April 24, 2014.

Richard P. Gale, for Appellant.

Sean D. Reyes and Kris C. Leonard, for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judges MICHELE M. CHRISTIANSEN and JOHN A. PEARCE concurred.

Memorandum Decision

ORME, Judge:

¶ 1 Reserving the right to appeal the trial court's decisions, *see State v. Sery*, 758 P.2d 935, 938–39 (Utah Ct.App.1988), Defendant conditionally pled guilty to five counts of sexual abuse of a child, *see* Utah Code Ann. § 76–5–404.1(2)–(4) (LexisNexis 2012). Having exercised his right to appeal, Defendant asks us to set aside his guilty pleas on the grounds that the trial court erred in denying a motion to suppress Defendant's confession to police and that the trial court improperly granted the State's pretrial motion to admit into evidence a separate confession made to another of Defendant's victims. We affirm the trial court's decision to admit Defendant's confession, conclude that any error in connection with the court's decision to admit evidence of other abuse perpetrated by Defendant was harmless, and decline to set the guilty plea aside.

¶ 2 At the request of the police, Defendant voluntarily went to the police station for an interview. A video recording of the interview shows that Defendant sat casually in a chair without being handcuffed or restrained. A police officer entered the room, shut the door, and said, "Before we get started here, and too deep into things, what I'd like to do is just to tell you what your rights are. You've probably seen it on T.V. It's the same thing." The police officer then started filling out a form while Defendant sat quietly with his hands in his lap. The police officer continued:

I'm just going to read these to you: Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during any of the questioning. If you cannot afford a lawyer, one will be appointed to you before questioning if you wish. And if you decide to answer questions now without a lawyer present you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

And, as long as you understand those, if I could get you to sign there.

Then the police officer slid the form to Defendant, and Defendant signed it. This form was lost by the police, was not available as evidence, and is not part of the record on appeal. After signing the form, Defendant stated, "Now you're really getting me nervous." The officer then told Defendant that he had spoken with the victim of the crimes charged in this case and asked Defendant to explain what happened. Defendant made a full and detailed confession. At the conclusion of the interview, the police officer said, "Well that helps me to clear up my case. I guess, like you know, there are some ramifications." Defendant responded, "I honestly don't know. It sounds serious." The police officer then explained that he would need to take Defendant to the county jail. The interview lasted less than ten minutes, during which Defendant never refused to answer a question and never asked for a lawyer.

¶ 3 Before trial, the court denied Defendant's motion to suppress his confession, rejecting his argument that he had not properly waived his rights. Additionally, the trial court granted the State's pretrial motion

seeking leave to introduce at trial a separate confession by Defendant, recorded by another of his victims, that contained evidence of other sexual abuse not charged in this case. After a brief analysis, the trial court ruled that the evidence would be admissible under rule 404(b) of the Utah Rules of Evidence.[1]

¶ 4 Defendant now appeals the trial court's decision to deny his motion to suppress the confession made to police and the decision to grant the State's pretrial motion to authorize admission of the confession made to the other victim under rule 404(b). "In an appeal from a trial court's denial of a motion to suppress evidence, 'we review the trial court's factual findings for clear error[,] and we review its conclusions of law for correctness.'" *Salt Lake City v. Bench,* 2008 UT App 30, ¶ 5, 177 P.3d 655 (alteration in original) (quoting *State v. Tiedemann,* 2007 UT 49, ¶ 11, 162 P.3d 1106). Typically, "we review a trial court's decision to admit evidence under rule 404(b) of the Utah Rules of Evidence under an abuse of discretion standard," *State v. Nelson–Waggoner,* 2000 UT 59, ¶ 16, 6 P.3d 1120, but doing so is not necessary in this case, as hereafter explained.

¶ 5 The United States Constitution and the Utah Constitution protect a defendant from being compelled to be a witness against himself in a criminal case. *See* U.S. Const. amend. V; Utah Const. art. I, § 12. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444, 86 S.Ct. 1602. These safeguards include a warning to the person being interviewed "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right

to the presence of an attorney, either retained or appointed." *Id.*

¶ 6 Once these procedural safeguards are in place, however, the person being questioned is free to waive his rights, as long as he does so "voluntarily, knowingly and intelligently." *Id.* Absent an express waiver of these rights, an implicit waiver is valid if a person, "with a full understanding of his or her rights, acts in a manner inconsistent with their exercise." *Berghuis v. Thompkins,* 560 U.S. 370, 385, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010). *See also State v. Barrett,* 2006 UT App 417, ¶ 11, 147 P.3d 491 ("Waiver may be either express or 'inferred from a defendant's acknowledgment of the understanding of his or her rights and defendant's subsequent course of conduct.'") (quoting *State v. Streeter,* 900 P.2d 1097, 1101 (Utah Ct.App.1995)). But whether the waiver is explicit or implicit, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda,* 384 U.S. at 475, 86 S.Ct. 1602. This entails a two-part inquiry:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (quoting *Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979)).

¶ 7 In this case, the State has met its burden. Disregarding what the missing

---

1. Normally, evidence of similar crimes in child molestation cases would be admitted under rule 404(c) of the Utah Rules of Evidence, but the events in question occurred before Utah adopted rule 404(c), and the parties disputed whether the rule should apply retroactively. The trial court determined that it did not need to delve into that matter because the evidence was "plainly admissible under 404(b)."

form might or might not have revealed with respect to an explicit waiver, Defendant's conduct shows an implicit waiver of his rights. To begin, we examine whether the confession was voluntary. The police officer did nothing to intimidate, coerce, or deceive Defendant. To be sure, many aspects of a typical custodial interview—being at a police station and having an armed police officer enter a small room and shut the door—are inherently intimidating. But the police officer in this case made no attempt to exploit these circumstances and instead took great pains to be polite, professional, and respectful at all times. Based on the totality of the circumstances memorialized in the video of the confession, we must readily conclude that Defendant's confession was voluntary, i.e., the "product of a free and deliberate choice" and not the result of "intimidation, coercion, or deception." *See Moran*, 475 U.S. at 421, 106 S.Ct. 1135.

¶ 8 Next, we examine whether Defendant was fully aware of his rights and the consequences of waiving those rights. Based solely on the video record of Defendant's confession, we readily conclude that Defendant received a by-the-book recitation of his *Miranda* rights. Defendant is a highly educated person who was clearly able to understand the important information conveyed to him. When signing the form presented to him, Defendant stated, "Now you're really getting me nervous." This statement serves to confirm that he appropriately understood the consequences. While the lost form cannot be used to establish an explicit waiver of rights, the act of signing the form—clearly depicted in the video—was done in acknowledgment that Defendant at least understood his rights as they had been orally conveyed to him.

¶ 9 Defendant argues that he was inexperienced with the legal system and did not understand the full implications of his confession. It is true that Defendant seemed genuinely surprised that there would be such swift consequences for his actions, stating that he thought he had "outlived" his past. We are not concerned, however, with whether Defendant understood the legal ramifications of his confessed crimes, including that

he would be immediately incarcerated, but with whether he understood the consequences of waiving his *Miranda* rights. We conclude that he was fully aware of his rights and the consequences of waiving them. We therefore conclude that he voluntarily, knowingly, and intelligently waived his *Miranda* rights, and we affirm the trial court's decision to deny Defendant's motion to suppress.

¶ 10 Because Defendant's full confession to police was admissible, the prosecution would have had no need to introduce, under rule 404(b), the confession recorded by another of Defendant's victims. Defendant might be correct that the trial court's analysis of the relevant factors was perhaps less thorough than it should have been. *See State v. Nelson–Waggoner*, 2000 UT 59, ¶¶ 18–20, 6 P.3d 1120 (explaining that a court must determine if the rule 404(b) evidence is (1) offered for a "proper, noncharacter purpose," (2) relevant, and (3) not substantially outweighed by the danger of unfair prejudice); *State v. Decorso*, 1999 UT 57, ¶ 18, 993 P.2d 837 (stating that other acts evidence under rule 404(b) "must be scrupulously examined by trial judges"). But any error in this regard was ultimately harmless considering the detailed nature of Defendant's admissible and highly inculpatory police confession, which would have obviated the need for evidence of the confession he made to another victim.

¶ 11 We affirm the trial court's decision on the waiver of Defendant's *Miranda* rights and the admissibility of his police confession. It follows that any error in the trial court's handling of the potential admissibility of his other confession was inconsequential. Accordingly, there is no basis on which to disturb Defendant's guilty plea.